## SAFARIK v. UNITED STATES.

### HANFELT v. SAME.

### Nos. 9505, 9506.

Circuit Court of Appeals, Eighth Circuit.
March 4, 1933.

For original opinion, see 62 F.(2d) 892. See, also, 53 F.(2d) 811.

Eugene D. O'Sullivan, of Omaha, Neb. (Charles J. Southard and J. R. Lones, both of Omaha, Neb., on the brief), for appellants.

Edson Smith, Asst. U. S. Atty., of Omaha, Neb. (Charles E. Sandall, U. S. Atty., and Ambrose C. Epperson, Asst. U. S. Atty., both of Omaha, Neb., Robert Van Pelt, Asst. U. S. Atty., of Lincoln, Neb., and Lawrence I. Shaw, Asst. U. S. Atty., of Omaha, Neb., on the brief), for the United States.

Before KENYON, GARDNER, and SANBORN, Circuit Judges.

GARDNER, Circuit Judge.

The government has filed a petition for rehearing, in which it is strenuously urged (1) that the court has erroneously assumed that the lower court sustained in part the motion to suppress the evidence, and (2) that the court has inadvertently overlooked the laws laid down by this court in Kaiser v. United States, 60 F.(2d) 410.

In the government's brief submitted on the second appeal it is said: "Four one-gallon cans of alcohol seized in the chicken coop prior to the arrest of the appellants are there (in appellants' brief) said to have been introduced in evidence. This is not so. *The evidence of these four cans was suppressed by the court at the first trial.* At the second trial no mention whatever was made of these four cans or of any seizure there prior to the arrest of the appellants." (Italics supplied.)

In the government's brief on the first appeal it is said: "On November 29, 1929, in the forenoon Federal Prohibition Agents Jones, Forsling, Thompson and Zersen, went to 1107. Thompson and Zersen went into the chicken coop, examined a can of the alcohol, seized four of the cans, and took them into the agents' car."

In the same brief, referring to the time of the arrest, it is said: "The agents seized 150 gallons of alcohol in the car, and 114 gallons in the chicken coop. The court received in evidence Government's Exhibit 1, a can of the alcohol seized in the defendants' car after their arrest. The court, out of an abundance of caution, *suppressed as evidence Government's Exhibit 2,* which was one of the four cans taken from the chicken coop in the morning." (Italics supplied.)

On the present appeal, it is said in the government's brief: "But we are unwilling to concede that the entry into the chicken coop and the seizure of the four cans of alcohol in the morning was illegal, though the court on the first trial *suppressed* the four gallons 'out of an abundance of caution.'" (Italics supplied.)

Identically the same argument was submitted on the first appeal.

The proceedings had before the court when this matter was originally presented are reflected in the transcript on the first appeal, from which we quote as follows:

"Mr. Smith: The Government now offers in evidence Government's Exhibit 1, and separately offers Government's Exhibit 2.

"The Court: I take it that this is the evidence that has been referred to in your motion to suppress the evidence, Mr. Lones?

"Mr. Lones: Yes, Your Honor.

"The Court: And that you at this time present all the matters presented in that motion?

"Mr. Lones: Yes.

"The Court: It was stated by counsel for the Government that there might be some matters to be considered on that motion properly to be considered in the absence of a jury.

"Mr. Smith: Yes, Your Honor."

The jury was then excused, and some further testimony was produced by the government on the issue of the motion to suppress. The following then appears:

"Whereupon counsel for the Government, and counsel for the defendants respectively, made their arguments to the court, after which the court ruled as follows:

"The Court: Out of an abundance of caution, I will suppress it as to Government's Exhibit No. 2."

Exhibit 2 was a sample from one of the four cans of alcohol taken at the first seizure.

The motion to suppress was therefore sustained as to the alcohol taken as the result of the first search and seizure. The case has twice been submitted to this court on that theory. The motion to suppress need not have been in writing. The evidence with reference to the first seizure was before the court in support of the motion. The motion was considered as being directed to both seizures, and the court actually suppressed the evidence pursuant to the motion submitted. It cannot well now be contended that "the motion was overruled in its entirety by the District Court."

The contention that we have overlooked the law as laid down by this court in Kaiser v. United States, supra, is equally untenable. In that case, the motion to suppress had been overruled by the lower court, and this court sustained that ruling. Hence in the Kaiser Case the constitutional guaranties of the defendant had not been invaded, and there was no necessity for submitting the motion to suppress and the affidavits in support thereof. In the instant case, the constitutional rights of the defendants had been invaded, and it was not only proper but absolutely necessary for them, in asserting their rights under the constitutional guaranties to submit the motion and affidavits supporting same. These statements were compelled in order to enable defendants to protect themselves against the unlawful acts of the officers, while in the Kaiser Case the acts of the officers were not unlawful, and there was no occasion for the making of the motion.

The petition for rehearing is denied.